## Day v. B. J. & H. Sales, Inc.

*Henry A. Giuliani*, for plaintiffs.
*Cletus M. Lyman*, for defendant.

PINOLA, P. J., June 20, 1966.—Plaintiffs sued defendant, in trespass, for damages to their property resulting from the failure of defendant to deliver oil on

"a degree day basis". They allege that defendant's failure to provide the necessary oil resulted in lack of heat and the consequent bursting of water pipes, causing damage in the sum of $1,164.42.

The arbitrators awarded that sum to plaintiffs and, thereupon, defendant took an appeal.

On April 18, 1966, on motion of defendant, Judge Bigelow entered an order directing the National Union Insurance Company to produce and permit the inspection and photocopying of: (a) the policy of insurance covering the loss or damage to plaintiffs, (b) the proof of loss furnished by plaintiffs to the insurer, (c) the check or draft issued by the insurer in payment to plaintiffs, and (d) all letters and correspondence between the insurer or any of its agents and plaintiffs.

On April 20, plaintiffs moved to dismiss the order, which we will treat as a motion to revoke the same.

Defendant contends that the insurer is the real party in interest, because it is subrogated to the rights of the insured.

Pennsylvania Rule of Civil Procedure 4009 reads as follows:

"Subject to the limitations provided by Rule 4007 (a) and Rule 4011, the court, on the motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner, of designated tangible things. . . ."

The circumstances under which an inspection is properly ordered are established inferentially by the limitations on rule 4009 set forth in rule 4007 (a). That rule requires that the inspection be confined to ". . . any matter, non-privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case".

Under rule 4007 (a), only a party may be required to

produce documents and here the insurance company is not a party, and the documents must be relevant to the subject matter involved in the action, and they must substantially aid in the preparation of the trial of the case. Here, there is not even an allegation that the documents are relevant or a need for the inspection. The situation is similar to that in Wexler v. Roberts, 85 Montg. 133. There, Judge Ditter said (p. 135) :

"This leaves the final contention as raised in the plaintiff's answer—that no facts have been pleaded entitling defendant to inspection. We agree that defendant's motion for inspection is deficient in this regard. Rule 4007 (a) limits the right of inspection and copying to *relevant matters needed* for the preparation of pleadings, the preparation of the case, or its trial. The defendant has not alleged *relevancy* or *need* and, since he has not filed an answer to the complaint, we have no way of knowing *why* these documents should be made available to him. In short, we have no way of applying the test of relevancy".

In Chatinsky v. Dubrow Electronics Industries, Inc., 27 D. & C. 2d 486, Judge Hagan declared, p. 490:

"The final category is the refusal of the witness to permit plaintiff to inspect all the documents which the witness had brought with him in response to the subpoena duces tecum. In this respect, we believe the position of the witness and of defendant is sound. As previously indicated, we have no way of telling at this stage of the proceedings whether the various documents produced have any relevancy to the issues in the New Jersey proceedings. Accordingly, we hold that before the witness is required to permit plaintiff to inspect any documents, plaintiff must first establish to the satisfaction of the court, in some appropriate fashion, that the documents he seeks to inspect are relevant or will substantially aid in the preparation or trial of the New Jersey case".

Moreover, there is no need for these documents in the preparation of the trial, because defendant participated in a full and complete trial before the board of arbitrators, and it knows exactly every phase of plaintiff's case.

Accordingly, we enter the following

ORDER

Now, June 20, 1966, the order entered on April 18, 1966, is revoked and the motion of defendant for inspection and copying of documents is denied.